```
1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2                      WEST PALM BEACH DIVISION
3                       Case 11-60228-CR-HURLEY
4
   UNITED STATES OF AMERICA,
5
                 Plaintiff,
6                                        WEST PALM BEACH, FLORIDA
       vs.
7                                        March 14, 2012
   DEYVI ORANGEL PENA ARTEAGA
8  a/k/a JOSE LUIS ALVAREZ,
9              Defendant.
   ------------------------------------------------------------
10
11
                      TRANSCRIPT OF PLEA COLLOQUY
12          BEFORE THE HONORABLE DANIEL T.K. HURLEY,
                   UNITED STATES DISTRICT JUDGE
13
   APPEARANCES:
14
   FOR THE GOVERNMENT:      BERTHA MITRANI, A.U.S.A.
15                          500 East Broward Blvd., 7th Floor
                            Ft. Lauderdale, FL 33301
16                                 954.356.7255
17 FOR THE DEFENDANT:       SUSAN DMITROVSKY, ESQ.
                            Benedict P. Kuehne, P.A.
18                          Miami Tower, Suite 3550
                            100 SE 2nd Street
19                          Miami, Fl 33131
                                   305.789.5987
20
   REPORTED BY:            PAULINE A. STIPES, RPR-CM
21                         Official United States Court Reporter
                           Federal Courthouse
22                         299 E. Broward Boulevard
                           Ft. Lauderdale, FL  33301
23                                 954-769-5496
24
25
```

1        THE COURT:  We have a matter scheduled this afternoon,

2   but our court reporter, Mrs. Stipes, is also assisting another

3   judge.

4        The jury in that case has apparently sent a note and

5   the lawyers are coming, and it will be a relatively, I assume,

6   brief matter.

7        Why don't we take a recess.  Rather than start and

8   stop, what I would like to do is take a brief recess, allow

9   Mrs. Stipes to step down the hall to handle that matter with

10  Judge Hopkins.

11       As soon as she is back, we will go ahead because that

12  way we can have a continuous discussion regarding the entry of

13  the plea in this case, okay.

14       MS. MITRANI:  Yes.

15       THE COURT:  We will take a brief recess.  I would

16  imagine we should be able to start in about 15 minutes or so.

17       We will be in a brief recess.

18       (Thereupon, a short recess was taken.).

19       (Karl Shires, Official Federal Court Reporter reported

20  the hearing at this time, after which Pauline Stipes

21  continued.).

22  BY THE COURT:

23  Q.  Mr. Pena, I am mentioning, one of the things you need to

24  know if you are to plead guilty to this crime what is the worst

25  possible punishment that can be imposed.  Only by knowing that

3

1   can you evaluate the risk you would be subjecting yourself to.

2        If you look at -- I know the pages are not numbered on

3   the plea agreement but go to paragraph four on the second page.

4        This is obviously a fairly serious crime because the

5   punishment in this case could be as long as 10 years in federal

6   prison, and then after any prison sentence, there is something

7   called supervised release.

8        That is a period of time when somebody would be

9   checking up on you to make sure you are not violating the law,

10   and there could be other terms and conditions and that could be

11   for an additional three years, and on top of all of that there

12   could be a monetary fine of as much as $250,000.

13        Now, I know there is a statement in here regarding

14   restitution but I assume there is no restitution in this case,

15   is there?

16        MS. MITRANI:  No, Your Honor, it is sort of standard

17   language.

18   BY THE COURT:

19   Q.  Mr. Pena, do you understand that is the worst possible

20   punishment that could be imposed?

21   A.  Yes, I do.

22   Q.  I know this next thing sounds insignificant when you

23   contrast it with the matters we have been discussing, but there

24   is another law that says I have to add on $100 special

25   assessment.

4

1        Do you understand that will get added on, as well?

2   A.   Yes.

3   Q.   Okay.  Now, come forward, if you would, to paragraph seven,

4   that is on the third page.

5        In that provision, the Government is promising you

6   that it is going to make a recommendation that you get a

7   reduction in your guideline level because you have come to

8   court today and accepted responsibility for what you did and,

9   you know, when you think about it, you are saving Government

10  time and expense of a trial.

11       I want to make sure you understand, to be eligible for

12  this reduction, there are some things you need to be willing to

13  do.

14       Number one, you need to be willing to sit down

15  yourself with a Probation Officer face-to-face and tell them

16  everything about your involvement in this particular crime.

17       Are you willing to do that?

18  A.   Yes.

19  Q.   The second thing would be that you have not told any lies

20  or made misrepresentations to the Government to get them to go

21  along with this disposition, and the third thing is, from today

22  looking forward, that you are willing today to make a

23  commitment that you intend to obey the law in the future and

24  today you have the present intention of honoring that

25  commitment.

1        Are you willing to do that, too?

2   A.   Yes, sir.

3   Q.   Okay.  Now, I want to take a second and review with you how

4   the Court goes about determining what would be an appropriate

5   sentence in this kind of case.

6        If you decide to plead guilty, what I will do is, I

7   will ask a Probation Officer to prepare a pre-sentence

8   investigation report.  Okay.

9        Now, they actually write up a report and we send it

10  out to everybody so you will get a copy well before sentencing.

11       The first thing I need to make sure you understand is,

12  sometimes we talk about plea agreements and we say they are

13  like contracts, they bind you, and certainly bind the

14  Government.

15       I need to make sure you understand the Probation

16  Officer is not a member of the prosecution team.

17       So the Probation Officer goes out and talks to

18  everybody but they write up the report independently.

19       If there is something in there you thought was wrong,

20  Ms. Dmitrovsky, at the day of sentencing or before, she would

21  file an objection and that means, before we get to the

22  sentencing, we will have a hearing.  I have to listen to all

23  the evidence and I have to make up my own mind what was the

24  correct fact and that gets used in the pre-sentence

25  investigation report.

1              Do you understand that?

2    A.   Yes, I do.   Under the rules today that exist in Federal

3    Court, to decide on what sentence should be imposed, we have to

4    look at what are called the Sentencing Guidelines.

5              They represent an effort in trying to make the whole

6    sentencing process more fair.

7              The way they do that, there is a committee in

8    Washington that go to the law books.

9              Next to every crime, they place a range of points.   I

10   am not sure what things you would look at in determining what

11   additional points you would describe to this particular

12   offense.

13             If somebody made two or three false statements or

14   something like that, that might have an impact on it.

15             This case is probably not a good example, but

16   sometimes in a particular crime you could have a lot of people

17   involved.   When you have that crime, you have to look at an

18   individual person and say was this person a leader or did they

19   occupy a lesser role?   And the leader would get more points

20   than people who occupy lower positions.

21             Another thing you do, you look at the person

22   themselves and say has Mr. Pena ever been convicted of any

23   other crime?   If the answer happened to be yes, you say how

24   many times?

25             The general rule is you add more points for every

```
 1  prior conviction.
 2          There are other things you have to look at.  When they
 3  are done, you add up the sub-category of points.
 4          You get the total number of points and then you need
 5  to turn to the sentencing book.
 6          There is a chart in that sentencing book.
 7          Did Ms. Dmitrovsky show you that chart?
 8  A.  Yes, she did.
 9  Q.  It is fair to say, when you know the total number of points
10  in your case, and you look at that chart, you realize it is
11  going to recommend a specific time for being in jail in federal
12  prison.
13          Do you understand that?
14  A.  Yes, I do.
15          Now, because these guidelines today are advisory only,
16  having looked and consulted the guidelines, the judge is
17  required to look at another statute.
18          Congress has listed a whole set of factors that must
19  be considered in determining what would be an appropriate
20  sentence.
21          This becomes important.
22          That means the sentence actually decided could be
23  above the guideline range, could be inside, and could be below
24  the guideline range.
25          Do you understand that?
```

1  A.  Yes, I do.

2  Q.  Okay.

3         Now, I've looked at the plea agreement and I'm looking

4  at paragraph eight, and I would like to ask you for a second,

5  if you would, to assume paragraph eight was not in your plea

6  agreement.

7         This is called an appeal waiver.  So let's assume this

8  was not in your plea agreement.

9         If someone came to court and pled guilty or had a

10 trial and was found guilty -- Let's leave the trial out.  You

11 wouldn't have that.  Let's say they came to court and entered a

12 plea but this waiver provision was not, was not in their plea

13 agreement.

14        If they listened to the sentence announced and if they

15 thought to themselves, and they said, I don't think that is a

16 fair sentence, I don't think that is reasonable, they have a

17 right to take an appeal and ask three judges to look at their

18 case and decide whether their sentence was or was not

19 reasonable.

20        Do you understand that?

21 A.  Yes, I do.

22 Q.  Now, here is the problem, the Appellate Courts have told us

23 that the right to take an appeal is like any other

24 constitutional right.

25        If you really know what you are doing, if you are

1    making an informed and voluntary decision, you can waive that

2    right, you can give that up.

3           Once again, I want to turn to the lawyers and ask

4    their help.  I want to make sure I am understanding this

5    properly.

6           If I am reading this properly, paragraph eight says,

7    if I were to impose a sentence inside or below the guideline

8    range, you would be totally giving up your right to appeal

9    under those circumstances.

10          Do you understand that?

11   A.  Yes, I do.

12   Q.  Now, what that means is, you would not be able to take an

13   appeal and say, gee, my sentences are not reasonable or a

14   mistake was made in calculating the guideline range.

15          This says the door to the Appellate Court is closed

16   shut if the sentence ends up being inside or below the

17   guideline range.

18          Do you understand that?

19   A.  Yes.

20   Q.  If I imposed a sentence above the guideline range, and the

21   Court can do that, you would be able to appeal that kind of a

22   sentence.

23          Do you understand that?

24   A.  Yes, I do.

25   Q.  By the same token, if I imposed a sentence below the

1  guideline range, and let's say it was the Government that say

2  wait a second, this isn't fair.  If the Government took an

3  appeal, that would unlock the door for you because you could

4  appeal, as well.

5           Do you understand that?

6  A.  Yes, I do.

7  Q.  Here is the important part, and it really is important.

8  What it is saying is, if the sentence ends up being inside or

9  below that guideline range, you are totally giving up your

10  right of appeal.

11          Do you understand that?

12  A.  Yes, I do.

13  Q.  Are you doing that freely and voluntarily?

14  A.  Yes, sir.

15  Q.  Okay.

16          We have been talking about the sentencing proceeding,

17  and I wanted to mention one other thing to you.

18          It is certainly reasonable to expect that on the day

19  of sentencing that Ms. Mitrani who represents the Government,

20  she will come to court and stand up and speak on behalf of the

21  Government and make some recommendations, and certainly it is

22  reasonable that your lawyers, Ms. Dmitrovsky and Mr. Kuehne

23  will come and make recommendations, too, but you need to

24  understand the recommendations made by the lawyers are not

25  binding on the Court.

1                    Do you understand that?

2                    If I do not accept one or more of the lawyers'

3   representations, you will not be able to withdraw your plea.

4                    Do you understand that, too?

5   A.  Yes, I do.

6   Q.  Now, the very last provision in this plea agreement says

7   everything that you are aware of that has been negotiated on

8   your behalf and everything that you are relying on to make this

9   important decision today is down here in writing.

10                   There is nobody off on the side telling you something

11  else or promising you something that I have not been made aware

12  of.

13                   Mr. Pena, may I ask you, is your entire agreement with

14  the Government contained in this document, this plea agreement?

15  A.  Yes, it is.

16  Q.  Let me ask you to take a second and think about this.  Has

17  anybody put any pressure upon you, has anybody threatened you

18  in any way or has anybody offered you any kind of inducement,

19  money or anything else, to get you to come to court today to

20  change your plea from not guilty to guilty?

21  A.  No.

22  Q.  Are you doing this freely and voluntarily?

23  A.  Yes, I am.

24  Q.  Are you doing this because you really did, in fact,

25  knowingly and intentionally make a false statement in the

1  process of seeking a renewal of your passport and you made that

2  statement with the intent to induce the passport office to

3  renew your passport?

4  A.  Yes.

5  Q.  Okay.

6          Here is what I am going to do.

7          I am going to turn to Ms. Mitrani and I will ask if

8  she would take a few minutes and sketch out for us, if we had a

9  trial only on the one charge, if she would list what the

10 Government's evidence would have been about your involvement,

11 and I am going to ask you to listen, if you would, and I will

12 come back to see whether you agree whether this is or is not an

13 accurate recounting of what happened?

14         Mr. Pena, if you would like to sit down, please feel

15 free to do that.

16         Ms. Dmitrovsky, would you come to the lectern and put

17 the factual basis in the record?

18         MS. MITRANI:  Yes.

19         Had this matter proceeded to trial, United States

20 would prove the following facts, among others, beyond a

21 reasonable doubt:

22         November 12, 2008, the defendant Deyvi Orangel Pena

23 Arteaga pretended to be Jose Luis Alvarez, executed a DS-82

24 renewal passport application by mail for a United States

25 passport.

1            On his original passport application and renewal

2    applications, the defendant identified himself as Jose Alvarez

3    listing specific date of birth.  Mr. Alvarez, the real

4    Mr. Alvarez, place of birth stating Bronx, New York.

5            Furthermore, the defendant stated in the application

6    for said passport Social Security number was one which ended in

7    numbers 6757.

8            The defendant submitted his most recent United States

9    passport in connection with the application which also listed

10   Social Security number 6757 belonging to him.

11           The defendant swore under oath all of the information

12   in the passport application was true and correct and the

13   photograph attached to the renewal passport application was a

14   true likeness of him.  The application was signed by the

15   defendant.

16           The defendant completed three separate applications

17   since 1987 using the identity of Jose Alvarez.

18           United States would prove the defendant was not Jose

19   Alvarez and he knew Social Security number 6757 was not

20   assigned to him.  He is a citizen of Venezuela.  He assumed

21   Alvarez' identity in order to remain in the United States.

22           THE COURT:  There is an existing Alvarez?

23           MS. MITRANI:  Yes.

24           THE COURT:  Does that gentleman have that Social

25   Security number?

```
 1              MS. MITRANI:  Yes.

 2              THE COURT:  He is a living person in the United

 3    States?

 4              MS. MITRANI:  Yes.  He was having problems and he

 5    applied after the defendant applied for a passport; so,

 6    initially, the State Department thought he was the person who

 7    is committing identity theft and trying to get a passport

 8    through an assumed identity.

 9              Further investigation indicated that he was the

10    victim.

11              THE COURT:  Thank you so much.

12              Mr. Pena, would you come up to the lectern.

13    BY THE COURT:

14    Q.  Mr. Pena, you listened carefully as counsel for the

15    Government has set out what the Government's proof would have

16    been had we had a trial in this one charge.

17              Do you admit you said and did the things Ms. Mitrani

18    suggested?

19    A.  Yes, I did.

20    Q.  Because the potential punishment in this crime is greater

21    than one year, we classify this crime as a felony offense.

22              If the Court concludes that you really know what you

23    are doing, you are making a voluntary and informed decision,

24    what I would do is accept your plea of guilty and, in a sense,

25    put the Court's seal of approval on it.
```

1          The technical term of that is called adjudicating you

2     to be guilty of a felony offense.

3          The moment that happens, you would be categorized as a

4     convicted felon.

5          Now, remember I said to you at the very beginning,

6     when somebody is not a citizen of the United States and when

7     they come to court and plead guilty of a serious crime and if

8     they are convicted, if you will, of a felony conviction, it is

9     100 percent certain that after any sentence imposed, after any

10    prison sentence, the Immigration authorities will turn around

11    and seek to have you removed or deported from the United

12    States.

13         Do you understand that?

14    A.  Yes, I do.

15    Q.  The Court has no role in that.  I need to make sure you

16    thought about this and evaluated this in making your decision

17    today.

18         You told me you lived in the United States for a long

19    time and I suspect your whole adult life has been mostly spent

20    in the United States; so, sometimes people come to court and no

21    matter how serious the underlying crime is, I have had people

22    say to me this is so much more important.  I just need to make

23    sure you understand it is 100 percent certain that the

24    Immigration authorities will seek to have you deported.

25         Do you understand that?

1  A.  Yes, I do.

2  Q.  Now, knowing and understanding all of this, and I want you

3  to know that I have had the opportunity to observe you and talk

4  with you, you are obviously a very intelligent person.

5       I am satisfied you are competent to make the decision

6  you are thinking about making.

7       We've talked about the right to trial by jury, all of

8  those rights, I am satisfied you understand those, and we've

9  gone through the provisions in your plea agreement and I am

10 satisfied you understand those terms and conditions.

11      But is there anything I've not touched on, any

12 questions or concerns you have that you wanted to raise today?

13 A.  No, sir.

14 Q.  Understanding all of this, is it still your desire to go

15 forward and enter the plea we have been discussing?

16 A.  Yes, it is.

17      THE COURT:  Let me turn to Ms. Dmitrovsky and ask her

18 to formally change the plea on your behalf.

19      MS. DMITROVSKY:  I will, Your Honor.  Guilty as

20 charged on Count 1.

21      THE COURT:  Is that what you want to do, Mr. Pena?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Case 11-60228, United States of America

24 versus Mr. Deyvi Orangel Pena Arteaga, I find his plea is a

25 knowing and voluntary plea which is supported by an independent

1  basis in fact containing all of the essential elements of this

2  particular offense, therefore, I now accept Mr. Pena's plea of

3  guilty, and I now adjudge him to be guilty of the crime of

4  having knowingly and intentionally committed passport fraud in

5  violation of Title 18, United States Code, Section 1542.

6          So I adjudge you to be guilty of that offense.

7          As I mentioned, Mr. Pena, I am going to go forward at

8  this point and I will ask the Probation Office to get started

9  right away on that pre-sentence investigation report.

10         I will see you get a copy well before the sentencing,

11  and I want to make sure you sit down with Ms. Dmitrovsky and go

12  over it carefully and we will get together for the sentencing.

13         I will set sentencing Thursday, May 17th at 1:45 in

14  the afternoon.

15         Ms. Mitrani, may I ask you, is the Government willing

16  to stipulate if the Court did, in fact, conduct an evidentiary

17  hearing today that there would be clear and convincing evidence

18  that Mr. Pena does not pose a risk of flight and is not a

19  danger to the community?

20         MS. MITRANI:  Yes, Your Honor.

21         THE COURT:  What I am asking you, I want to make sure

22  I am clear, does the Government have any objection to Mr. Pena

23  remaining at liberty on the same terms and conditions

24  previously set or do you feel he should be remanded to the

25  custody of the United States Marshal?

1          MS. MITRANI:  No, we believe he should be continued in

2    the same bond.  The reason I hesitated because he is not a

3    United States citizen, I think there is that inherent danger

4    for any person of that status.

5          I think this individual will not flee under the bond

6    that has been imposed.

7          I know it is, in fact, the opposite, his desire to

8    stay.  Whether he will or not is a different question for a

9    different court.  That is my hesitation.

10          THE COURT:  I appreciate that.  That will be the order

11    of the Court.

12          Anything further?

13          MS. MITRANI:  Nothing from the Government.

14          MS. DMITROVSKY:  Nothing from us.

15          THE COURT:  Thank you very much.  I look forward to

16    seeing you at the sentencing.

17          (Thereupon, the hearing was concluded.)

18

19

20

21

22

23

24

25

1              C E R T I F I C A T E

2          I hereby certify that the foregoing is an accurate

3     transcription of proceedings in the above-entitled matter.

4
      May 12, 2012              \s\ Pauline A. Stipes
5     _____          _____
         DATE                   PAULINE A. STIPES
6                               Official United States Court Reporter
                                299 E. Broward Boulevard
7                               Ft. Lauderdale, Fl 33301
      954.769.5496
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## A

able 2:16 9:12,21 11:3
above-entitled 19:3
accept 11:2 14:24 17:2
accepted 4:8
accurate 12:13 19:2
add 3:24 6:25 7:3
added 4:1
additional 3:11 6:11
adjudge 17:3,6
adjudicating 15:1
admit 14:17
adult 15:19
advisory 7:15
afternoon 2:1 17:14
agree 12:12
agreement 3:3 8:3,6,8,13 11:6,13 11:14 16:9
agreements 5:12
ahead 2:11
allow 2:8
Alvarez 1:8 12:23 13:2,3,4,17,19,21 13:22
America 1:4 16:23
announced 8:14
answer 6:23
anybody 11:17,17,18
apparently 2:4
appeal 8:7,17,23 9:8,13,21 10:3,4 10:10
APPEARANCES 1:13
Appellate 8:22 9:15
application 12:24 13:1,5,9,12,13 13:14
applications 13:2,16
applied 14:5,5
appreciate 18:10
appropriate 5:4 7:19
approval 14:25
Arteaga 1:7 12:23 16:24
asking 17:21
assessment 3:25
assigned 13:20
assisting 2:2
assume 2:5 3:14 8:5,7
assumed 13:20 14:8
attached 13:13
authorities 15:10,24
aware 11:7,11
A.U.S.A 1:14
a/k/a 1:8

## B

back 2:11 12:12
basis 12:17 17:1
BEACH 1:2,6
beginning 15:5
behalf 10:20 11:8 16:18
believe 18:1
belonging 13:10
Benedict 1:17
BERTHA 1:14
beyond 12:20
bind 5:13,13
binding 10:25
birth 13:3,4
Blvd 1:15
bond 18:2,5
book 7:5,6
books 6:8
Boulevard 1:22 19:6
brief 2:6,8,15,17
Bronx 13:4
Broward 1:15,22 19:6

## C

C 19:1,1
calculating 9:14
called 3:7 6:4 8:7 15:1
carefully 14:14 17:12
case 1:3 2:4,13 3:5,14 5:5 6:15 7:10 8:18 16:23
categorized 15:3
certain 15:9,23
certainly 5:13 10:18,21
certify 19:2
change 11:20 16:18
charge 12:9 14:16

charged 16:20
chart 7:6,7,10
checking 3:9
circumstances 9:9
citizen 13:20 15:6 18:3
classify 14:21
clear 17:17,22
closed 9:15
Code 17:5
COLLOQUY 1:11
come 4:3,7 10:20,23 11:19 12:12 12:16 14:12 15:7,20
coming 2:5
commitment 4:23,25
committed 17:4
committee 6:7
committing 14:7
community 17:19
competent 16:5
completed 13:16
concerns 16:12
concluded 18:17
concludes 14:22
conditions 3:10 16:10 17:23
conduct 17:16
Congress 7:18
connection 13:9
considered 7:19
constitutional 8:24
consulted 7:16
contained 11:14
containing 17:1
continued 2:21 18:1
continuous 2:12
contracts 5:13
contrast 3:23
convicted 6:22 15:4,8
conviction 7:1 15:8
convincing 17:17
copy 5:10 17:10
correct 5:24 13:12
counsel 14:14
Count 16:20
court 1:1,21 2:1,2,15,19,22 3:18 4:8 5:4 6:3 8:9,11 9:15,21 10:20 10:25 11:19 13:22,24 14:2,11,13 14:22 15:7,15,20 16:17,21,23 17:16,21 18:9,10,11,15 19:6
Courthouse 1:21
Courts 8:22
Court's 14:25
crime 2:24 3:4 4:16 6:9,16,17,23 14:20,21 15:7,21 17:3
custody 17:25

## D

danger 17:19 18:3
DANIEL 1:12
date 13:3 19:5
day 5:20 10:18
decide 5:6 6:3 8:18
decided 7:22
decision 9:1 11:9 14:23 15:16 16:5
defendant 1:9,17 12:22 13:2,5,8,11 13:15,16,18 14:5 16:22
Department 15:11,24
deported 15:1,24
describe 6:11
desire 16:14 18:7
determining 5:4 6:10 7:19
Deyvi 1:7 12:22 16:24
different 18:8,9
discussing 3:23 16:15
discussion 2:12
disposition 4:21
DISTRICT 1:1,1,12
DIVISION 1:2
Dmitrovsky 1:17 5:20 7:7 10:22 12:16 16:17,19 17:11 18:14
document 11:14
doing 8:25 10:13 11:22,24 14:23
don't 2:7 8:15,16
door 9:15 10:3
doubt 12:21
DS-82 12:23

## E

E 1:22 19:1,1,6
East 1:15

effort 6:5
eight 8:4,5 9:6
elements 17:1
eligible 4:11
ended 13:6
ends 9:16 10:8
enter 16:15
entered 8:11
entire 11:13
entry 2:12
ESQ 1:17
essential 17:1
evaluate 3:1
evaluated 15:16
everybody 5:10,18
evidence 5:23 12:10 17:17
evidentiary 17:16
example 6:15
executed 12:23
exist 6:2
existing 13:22
expect 10:18
expense 4:10

## F

F 19:1
face-to-face 4:15
fact 5:24 11:24 17:1,16 18:7
factors 7:18
facts 12:20
factual 12:17
fair 6:6 7:9 8:16 10:2
fairly 3:4
false 6:13 11:25
federal 1:21 2:19 3:5 6:2 7:11
feel 12:14 17:24
felon 15:4
felony 14:21 15:2,8
file 5:21
find 16:24
fine 3:12
first 5:11
FI 1:15,19,22 19:7
flee 18:5
flight 17:18
Floor 1:15
FLORIDA 1:1,6
following 12:20
foregoing 19:2
formally 16:18
forward 4:3,22 16:15 17:7 18:15
found 8:10
four 3:3
fraud 17:4
free 12:15
freely 10:13 11:22
FI 1:15,22 19:7
further 14:9 18:12
Furthermore 13:5
future 4:23

## G

gee 9:13
general 6:25
gentleman 13:24
give 9:2
giving 9:8 10:9
go 2:11 3:3 4:20 6:8 16:14 17:7,11
goes 5:14 17:7
going 4:6 7:11 12:6,7,11 17:7
good 6:15
Government 1:14 4:5,9,20 5:14 10:1,2,19,21 11:14 14:15 17:15 17:22 18:13
Government's 12:10 14:15
greater 14:20
guideline 4:7 7:23,24 9:7,14,17,20 10:1,9
guidelines 6:4 7:15,16
guilty 2:24 5:6 8:9,10 11:20,20 14:24 15:2,7 16:19 17:3,3,6

## H

hall 2:9
handle 2:9
happened 6:23 12:13
happens 15:3
hearing 2:20 5:22 17:17 18:17

help 9:4
hesitated 18:2
hesitation 18:9
Honor 3:16 16:19 17:20
HONORABLE 1:12
honoring 4:24
Hopkins 2:10
HURLEY 1:12

## I

identified 13:2
identity 13:17,21 14:7,8
imagine 2:16
Immigration 15:10,24
impact 6:14
important 7:21 10:7,7 11:9 15:22
impose 9:7
imposed 2:25 3:20 6:3 9:20,25 15:9 18:6
independent 16:25
independently 5:18
indicated 14:9
individual 6:18 18:5
induce 12:2
inducement 11:18
information 13:11
informed 9:1 14:23
inherent 18:3
initially 14:6
inside 7:23 9:7,16 10:8
insignificant 3:22
intelligent 16:4
intend 4:23
intent 12:2
intention 4:24
intentionally 11:25 17:4
investigation 5:8,25 14:9 17:9
involved 6:17
involvement 4:16 12:10
isn't 10:2
I'm 8:3
I've 8:3 16:11

## J

jail 7:11
Jose 1:8 12:23 13:2,17,18
judge 1:12 2:3,10 7:16
judges 8:17
jury 2:4 16:7

## K

Karl 2:19
kind 5:5 9:21 11:18
knew 13:19
know 2:24 3:2,13,22 4:9 7:9 8:25 14:22 16:3 18:7
knowing 2:25 16:2,25
knowingly 11:25 17:4
Kuehne 1:17 10:22

## L

language 3:17
Lauderdale 1:15,22 19:7
law 3:9,24 4:23 6:8
lawyers 2:5 9:3 10:22,24 11:2
leader 6:18,19
leave 8:10
lectern 12:16 14:12
lesser 6:19
let's 8:7,10,11 10:1
level 4:7
liberty 17:23
lies 4:19
life 15:19
likeness 13:14
list 12:9
listed 7:18 13:9
listen 5:22 12:11
listened 8:14 14:14
listing 13:3
lived 15:18
living 14:2
long 3:5 15:18
look 3:2 6:4,10,17,21 7:2,10,17 8:17 18:15
looked 7:16 8:3
looking 4:22 8:3
lot 6:16

lower 6:20
Luis 1:8 12:23

**M**

mail 12:24
making 9:1 14:23 15:16 16:6
March 1:7
Marshal 17:25
matter 2:1,6,9 12:19 15:21 19:3
matters 3:23
means 5:21 7:22 9:12
member 5:16
mention 10:17
mentioned 17:7
mentioning 2:23
Miami 1:18,19
mind 5:23
minutes 2:16 12:8
misrepresentations 4:20
mistake 9:14
Mitrani 1:14 2:14 3:16 10:19 12:7
    12:18 13:23 14:1,4,17 17:15,20
    18:1,13
moment 15:3
monetary 3:12
money 11:19

**N**

need 2:23 4:12,14 5:11,15 7:4
    10:23 15:15,22
negotiated 11:7
New 13:4
note 2:4
November 12:22
number 4:14 7:4,9 13:6,10,19,25
numbered 3:2
numbers 13:7

**O**

oath 13:11
obey 4:23
objection 5:21 17:22
observe 16:3
obviously 3:4 16:4
occupy 6:19,20
offense 6:12 14:21 15:2 17:2,6
offered 11:18
office 12:2 17:8
Officer 4:15 5:7,16,17
Official 1:21 2:19 19:6
okay 2:13 4:3 5:3,8 8:2 10:15 12:5
Once 9:3
opportunity 16:3
opposite 18:7
Orangel 1:7 12:22 16:24
order 13:21 18:10
original 13:1

**P**

P 1:17
page 3:3 4:4
pages 3:2
PALM 1:2,6
paragraph 3:3 4:3 8:4,5 9:6
part 10:7
particular 4:16 6:11,16 17:2
passport 12:1,2,3,24,25 13:1,6,9
    13:12,13 14:5,7 17:4
Pauline 1:20 2:20 19:4,5
Pena 1:7 2:23 3:19 6:22 11:13
    12:14,22 14:12,14 16:21,24 17:7
    17:18,22
Pena's 17:2
people 6:16,20 15:20,21
percent 15:9,23
period 3:8
person 6:18,18,21 14:2,6 16:4 18:4
photograph 13:13
place 6:9 13:4
Plaintiff 1:5
plea 1:11 2:13 3:3 5:12 8:3,5,8,12
    8:12 11:3,6,14,20 14:24 16:9,15
    16:18,24,25 17:2
plead 2:24 5:6 15:7
please 12:14
pled 8:9
point 17:8
points 6:9,11,19,25 7:3,4,9

pose 17:18
positions 6:20
possible 2:25 3:19
potential 14:20
prepare 5:7
present 4:24
pressure 11:17
pretended 12:23
previously 17:24
pre-sentence 5:7,24 17:9
prior 7:1
prison 3:6,6 7:12 15:10
probably 6:15
Probation 4:15 5:7,15,17 17:8
problem 8:22
problems 14:4
proceeded 12:19
proceeding 10:16
proceedings 19:3
process 6:6 12:1
promising 4:5 11:11
proof 14:15
properly 9:5,6
prosecution 5:16
prove 12:20 13:18
provision 4:5 8:12 11:6
provisions 16:9
punishment 2:25 3:5,20 14:20
put 11:17 12:16 14:25
P.A 1:17

**Q**

question 18:8
questions 16:12

**R**

R 19:1
raise 16:12
range 6:9 7:23,24 9:8,14,17,20 10:1
    10:9
reading 9:6
real 13:3
realize 7:10
really 8:25 10:7 11:24 14:22
reason 18:2
reasonable 8:16,19 9:13 10:18,22
    12:21
recess 2:7,8,15,17,18
recommend 7:11
recommendation 4:6
recommendations 10:21,23,24
record 12:17
recounting 12:13
reduction 4:7,12
regarding 2:12 3:13
relatively 2:5
release 3:7
relying 11:8
remain 13:21
remaining 17:23
remanded 17:24
remember 15:5
removed 15:11
renew 12:3
renewal 12:1,24 13:1,13
report 5:8,9,18,25 17:9
reported 1:20 2:19
reporter 12:1 2:2,19 19:6
represent 6:5
representations 11:3
represents 10:19
required 7:17
responsibility 4:8
restitution 3:14,14
review 5:3
right 8:17,23,24 9:2,8 10:10 16:7
    17:9
rights 16:8
risk 3:1 17:18
role 6:19 15:15
RPR-CM 1:20
rule 6:25
rules 6:2

**S**

s 19:4
satisfied 16:5,8,10
saving 4:9

saying 10:8
says 3:24 9:6,15 11:6
scheduled 2:1
SE 1:18
seal 14:25
second 3:3 4:19 5:3 8:4 10:2 11:16
Section 17:5
Security 13:6,10,19,25
see 12:12 17:10
seeing 18:16
seek 15:11,24
seeking 12:1
send 5:9
sense 14:24
sent 2:4
sentence 3:6 5:5 6:3 7:20,22 8:14
    8:16,18 9:7,16,20,22,25 10:8
    15:9,10
sentences 9:13
sentencing 5:10,20,22 6:4,6 7:5,6
    8:16 17:9,10,12,13 18:16
separate 13:16
serious 3:4 15:7,21
set 7:18 14:15 17:13,24
seven 4:3
Shires 2:19
short 2:18
show 7:7
shut 9:16
side 11:10
signed 13:14
sir 5:2 10:14 16:13
sit 4:14 12:14 17:11
sketch 12:8
Social 13:6,10,19,24
somebody 3:8 6:13 15:6
soon 2:11
sort 3:16
sounds 3:22
SOUTHERN 1:1
speak 10:20
special 3:24
specific 7:11 13:3
spent 15:19
stand 10:20
standard 3:16
start 2:7,16
started 17:8
State 14:6
stated 13:5
statement 3:13 11:25 12:2
statements 6:13
States 1:1,4,12,21 12:19,24 13:8,18
    13:21 14:3 15:6,12,18,20 16:23
    17:5,25 18:3 19:6
stating 13:4
status 18:4
statute 7:17
stay 18:8
step 2:9
Stipes 1:20 2:2,9,20 19:4,5
stipulate 17:16
stop 2:8
Street 1:18
subjecting 3:1
submitted 13:8
sub-category 7:3
suggested 14:18
Suite 1:18
supervised 3:7
supported 16:25
sure 3:9 4:11 5:11,15 6:10 9:4
    15:15,23 17:11,21
SUSAN 1:7
suspect 15:19
swore 13:11

**T**

T 19:1,1
take 2:7,8,15 5:3 8:17,23 9:12
    11:16 12:8
taken 2:18
talk 5:12 16:3
talked 16:7
talking 10:16
talks 5:17
team 5:16
technical 15:1
tell 4:15

telling 11:10
term 15:1
terms 3:10 16:10 17:23
Thank 14:11 18:15
theft 14:7
thing 3:22 4:19,21 5:11 6:21 10:17
things 2:23 4:12 6:10 7:2 14:17
think 4:9 8:15,16 11:16 18:3,5
thinking 16:6
third 4:4,21
thought 5:19 8:15 14:6 15:16
threatened 11:17
three 3:11 6:13 8:17 13:16
Thursday 17:13
time 2:20 3:8 4:10 7:11 15:19
times 6:24
Title 17:5
today 4:8,21,22,24 6:2 7:15 11:9,19
    15:17 16:12 17:17
token 9:25
told 4:19 8:22 15:18
top 3:11
total 7:4,9
totally 9:8 10:9
touched 16:11
Tower 1:18
TRANSCRIPT 1:11
transcription 19:3
trial 4:10 8:10,10 12:9,19 14:16
    16:7
true 13:12,14
trying 6:5 14:7
turn 7:5 9:3 12:7 15:10 16:17
two 6:13
T.K 1:12

**U**

underlying 15:21
understand 3:19 4:1,11 5:11,15 6:1
    7:13,25 8:20 9:10,18,23 10:5,11
    10:24 11:1,4 15:13,23,25 16:8,11
understanding 9:4 16:2,14
United 1:1,4,12,21 12:19,24 13:8
    13:18,21 14:2 15:6,11,18,20
    16:23 17:5,25 18:3 19:6
unlock 10:3

**V**

Venezuela 13:20
versus 16:24
victim 14:10
violating 3:9
violation 17:5
voluntarily 10:13 11:22
voluntary 9:1 14:23 16:25
vs 1:6

**W**

wait 10:2
waive 9:1
waiver 8:7,12
want 4:11 5:3 9:3,4 16:2,21 17:11
    17:21
wanted 10:17 16:12
Washington 6:8
way 2:12 6:7 11:18
WEST 1:2,6
we've 16:7,8
willing 4:12,14,17,22 5:1 17:15
withdraw 11:3
worst 2:24 3:19
wouldn't 8:11
write 5:9,18
writing 11:9
wrong 5:19

**Y**

year 14:21
years 3:5,11
York 13:4

**$**

$100 3:24
$250,000 3:12

**1**

1 16:20

22

**1:45** 17:13
**10** 3:5
**100** 1:18 15:9,23
**11-60228** 16:23
**11-60228-CR-HURLEY** 1:3
**12** 12:22 19:4
**14** 1:7
**15** 2:16
**1542** 17:5
**17th** 17:13
**18** 17:5
**1987** 13:17

---
**2**
**2nd** 1:18
**2008** 12:22
**2012** 1:7 19:4
**299** 1:22 19:6

---
**3**
**305.789.5987** 1:19
**33131** 1:19
**33301** 1:15,22 19:7
**3550** 1:18

---
**5**
**500** 1:15

---
**6**
**6757** 13:7,10,19

---
**7**
**7th** 1:15

---
**9**
**954-769-5496** 1:23
**954.356.7255** 1:16
**954.769.5496** 19:7